IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

DETINA EATON
ADC #707841                                                                                            PLAINTIFF

V.                                       NO: 1:08CV00032 JLH/HDY

LAVONDA DUNAVION                                                                                       DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the McPherson Unit of the Arkansas Department of Correction, filed this complaint on June 9, 2008, alleging that she was subjected to unconstitutional conditions of confinement. On September 4, 2009, Defendant filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #36-#38). Although she has been granted additional time to respond (docket entry #39), Plaintiff has failed to do so.

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

In her complaint, Plaintiff asserts that she was denied basic bedding, clothing, and hygiene items, from May 4, 2007, through December 27, 2007. Defendant asserts, among other things, that Plaintiff has failed to exhaust her administrative remedies. Because Plaintiff has failed to exhaust her administrative remedies, Defendant's motion should be granted.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir.2005)(per curiam). In support of her motion for summary judgment, Defendant has attached the affidavit of Tiffanye Compton, the ADC's inmate grievance supervisor (docket entry #36, exhibit C). According to Compton, Plaintiff has not exhausted a single grievance. Plaintiff has presented nothing to contradict Compton's assertions. The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and if not, dismissal of the complaint is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). It is clear that the ADC has an available administrative remedy, because Defendant has attached a copy of the administrative

directive describing the ADC's grievance policy (docket entry #36, exhibit A).[1] Because Plaintiff has failed to exhaust any grievance regarding the claims at issue in this lawsuit, her complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion for summary judgment (docket entry #36) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. The Court CERTIFY that an *in forma pauperis* appeal from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  6   day of October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] In her original complaint, Plaintiff alleged that Defendant would not take her grievances, and directed other guards to not accept her grievances. Liberally construing the complaint, it could be read to assert the administrative remedy was unavailable. However, even assuming that Defendant was the designated problem solver to whom the grievances should be submitted, ADC policy provides that an inmate may move to the next level if an informal resolution attempt, or grievance, receives no response. *See* docket entry #36, exhibits A & B. Thus, Plaintiff could have ultimately appealed a grievance to the Chief Deputy/Deputy/Assistant Director's Office, and achieved exhaustion, without having received any response from local prison officials. Moreover, Plaintiff actually attached some grievance documents to her complaint which were in fact accepted by other prison officials. In light of the ADC's policy, the documents Plaintiff provided, and Plaintiff's failure to provide any explanation for her failure to exhaust under the policy, any claim that the administrative remedy was unavailable is without merit.